[Civ. No. 6154. Second Appellate District, Division One.—July 29, 1930.]

CITY OF LOS ANGELES (a Municipal Corporation), Plaintiff, v. A. GREINES, Defendant and Appellant; TITLE GUARANTEE AND TRUST COMPANY (a Corporation), Defendant and Respondent.

George D. Higgins for Appellant.

Rollin L. McNitt and John A. Cronin for Respondent.

CONREY, P. J.—In this eminent domain proceeding the defendant Greines alone appeals, claiming herein that the amount of the award in his favor is less than that to which he is entitled. The land, designated parcel 2 of the complaint, was formerly the property of Charles Schatte and Rosa Schatte, his wife. On October 8, 1909, said owners conveyed this land to the defendant Title Guarantee and Trust Company in trust for the benefit of certain grandchildren of said Charles Schatte, "but subject to the rights and benefits herein reserved to said Rosa Schatte." It was provided that the trustee hold, manage, etc., the land and the proceeds thereof; "provided, however, that during the lifetime of said Rosa Schatte, she shall be allowed to collect said rents, and to use the same, after reimbursing the trustee for all expenditures for the benefit of said property and after payment for all services rendered by the trustee, including reasonable attorneys' fees, and the net rents from said property shall belong exclusively to said Rosa Schatte during her lifetime and subject to such use and disposition as may seem fit to her, without control or restraint from the trustee or from any other person whatsoever." After the death of Mrs. Schatte it became the duty of the trustee to receive and disburse the net income of the property for the benefit of the grandchildren of

Charles Schatte by his second marriage. On March 1, 1926, Mrs. Schatte executed a lease of the premises to one Edward Maggiora, for a term ending September 17, 1929. This lease on March 17, 1926, Maggiora assigned to appellant Greines. On July 16, 1926, Rosa Schatte died. Upon the facts found, which included those above stated, the court determined that the entire amount of the award for the taking of the land should be made to the trust company, except only that Greines shall receive a sum of $55 which had been deposited by Maggiora as the last month's rent under the lease. The condemnation suit was filed September 13, 1927, and the judgment from which Greines appeals was entered on the first day of June, 1928.

Appellant concedes that the death of a life tenant terminates a lease executed by him. Appellant contends, however, that such lease may be confirmed and adopted by the remainderman, and that the evidence shows that in fact in this instance the lease was confirmed and adopted by the remainderman; that the evidence further shows a substantial value for the unexpired term. The court did not make any direct finding on the question of ratification or adoption of the lease but did find that the trust company, after the death of Mrs. Schatte, "did treat the lease as its property and receive the rents and did advise said Greines that no new lease was necessary." Apparently the trial court was of the opinion that upon the death of a life tenant any lease executed by her terminates and that such lease is void in so far as it attempts to create a term beyond the time of the death of the life tenant; that the lease being void it was not subject to ratification or adoption by the trustee. If the court was right in arriving at that conclusion there was no need to make a finding on the issue tendered by appellant with respect to such ratification or adoption.

Counsel inform us that upon the question argued, relating to ratification or adoption by the remainderman, after the death of a life tenant, of a lease executed by the life tenant, they have found no California decision directly in point. The authorities elsewhere do not seem to be in agreement on the point. We are of the opinion, for the reason hereinafter stated, that the question does not arise in this case. ■ The trustee, as grantee under the deed

executed by Charles Schatte and Rosa Schatte, received the entire title. It did not become a remainderman and Mrs. Schatte did not acquire a life estate in the land. She was only a beneficiary of the trust. ■ No lease having been executed by the owner of the property, there was nothing to be ratified or adopted. The statute of frauds alone makes the lease void, for the lease was not executed by the owner, nor was it executed by an agent whose authority was in writing, subscribed by the owner. (Code Civ. Proc., sec. 1973, subd. 5.)

The judgment is affirmed.

Houser, J., and York, J., concurred.